THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 29, 2020

## MARCUS JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 01-07733  Carolyn Wade Blackett, Judge**

_____

### No. W2019-02289-CCA-R3-PC

_____

The Petitioner, Marcus Johnson, appeals from the Shelby County Criminal Court's denial of his petition for relief from his convictions for felony murder and aggravated assault and his effective life sentence. On appeal, the Petitioner contends that the post-conviction court erred in denying relief on his Rule 36.1 illegal sentence, habeas corpus, and post-conviction claims. We reverse the judgment of the trial court and remand this case in order for the trial court to enter an order reflecting findings of fact and conclusions of law as to each claim for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Marcus Johnson, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General.

### OPINION

The Petitioner's convictions relate to a store robbery by the Petitioner and his codefendant, Travis Parson, during which a store clerk was shot and killed and the store manager was seriously injured. *State v. Marcus Johnson*, No.W2002-00987-CCA-R3-CD, 2003 WL 22080778, at *1 (Tenn. Crim. App. Sept. 4, 2003), *perm. app. denied* (Tenn. Jan. 26, 2004). The Petitioner's felony murder conviction was affirmed on appeal, but a conviction for especially aggravated robbery was reversed, and a second conviction for especially aggravated robbery was modified to aggravated assault. The case was remanded for re-sentencing. *Id.* at *1.

In November 2004, the Petitioner filed a pro se post-conviction petition. An amended petition was filed in September 2006, and following a hearing, the post-conviction court denied relief, which was affirmed on appeal. *See Marcus Johnson v. State*, No. W2007-02664-CCA-R3-PC, 2008 WL 4866817, at *5 (Tenn. Crim. App. Nov. 10, 2008).

The Petitioner filed a pro se "Rule [36.1] Motion To Correct An Illegal Sentence/ State Habeas Corpus and/or Post-Conviction Relief" petition in February 2019, and on December 12, 2019, the trial court summarily denied relief. The court's order in its entirety is as follows: "Petitioner['s] petition does not state a colorable claim that this court can grant relief. The Petition is therefore denied." This appeal followed.

On appeal, the Petitioner contends that the trial court erred by denying relief. The State responds that the court did not err by denying relief.

The Petitioner has raised three different types of legal claims related to his life sentence. However, the trial court's order is inadequate for review because it does not address the Petitioner's specific allegations regarding his Rule 36.1 illegal sentence, habeas corpus, or post-conviction relief claims.

Accordingly, we reverse the trial court's judgment and remand this case for the entry of an order reflecting the court's findings of fact and conclusions of law related to each of the Petitioner's claims. The order shall also address the court's findings of fact and conclusions of law regarding whether the Petitioner has attempted to reopen his post-conviction petition.

_____
ROBERT H. MONTGOMERY, JR., JUDGE